JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
RICHARD DECKMAN

## DEFENDANTS
CAVALRY PORTFOLIO SERVICES, LLC

**(b)** County of Residence of First Listed Plaintiff   CHESTER
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   WEST CHESTER
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
LAW OFFICES OF MICHAEL P. FORBES, PC 200 EAGLE ROAD, SUITE 50, WAYNE, PA 19087 610-293-9399

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 2  U.S. Government Defendant
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
- ❏ 110 Insurance
- ❏ 120 Marine
- ❏ 130 Miller Act
- ❏ 140 Negotiable Instrument
- ❏ 150 Recovery of Overpayment & Enforcement of Judgment
- ❏ 151 Medicare Act
- ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ❏ 153 Recovery of Overpayment of Veteran's Benefits
- ❏ 160 Stockholders' Suits
- ❏ 190 Other Contract
- ❏ 195 Contract Product Liability
- ❏ 196 Franchise

### REAL PROPERTY
- ❏ 210 Land Condemnation
- ❏ 220 Foreclosure
- ❏ 230 Rent Lease & Ejectment
- ❏ 240 Torts to Land
- ❏ 245 Tort Product Liability
- ❏ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ❏ 310 Airplane
- ❏ 315 Airplane Product Liability
- ❏ 320 Assault, Libel & Slander
- ❏ 330 Federal Employers' Liability
- ❏ 340 Marine
- ❏ 345 Marine Product Liability
- ❏ 350 Motor Vehicle
- ❏ 355 Motor Vehicle Product Liability
- ❏ 360 Other Personal Injury
- ❏ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ❏ 365 Personal Injury - Product Liability
- ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ❏ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ❏ 370 Other Fraud
- ❏ 371 Truth in Lending
- ❏ 380 Other Personal Property Damage
- ❏ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ❏ 440 Other Civil Rights
- ❏ 441 Voting
- ❏ 442 Employment
- ❏ 443 Housing/ Accommodations
- ❏ 445 Amer. w/Disabilities - Employment
- ❏ 446 Amer. w/Disabilities - Other
- ❏ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ❏ 463 Alien Detainee
- ❏ 510 Motions to Vacate Sentence
- ❏ 530 General
- ❏ 535 Death Penalty
**Other:**
- ❏ 540 Mandamus & Other
- ❏ 550 Civil Rights
- ❏ 555 Prison Condition
- ❏ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ❏ 625 Drug Related Seizure of Property 21 USC 881
- ❏ 690 Other

### LABOR
- ❏ 710 Fair Labor Standards Act
- ❏ 720 Labor/Management Relations
- ❏ 740 Railway Labor Act
- ❏ 751 Family and Medical Leave Act
- ❏ 790 Other Labor Litigation
- ❏ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ❏ 462 Naturalization Application
- ❏ 465 Other Immigration Actions

### BANKRUPTCY
- ❏ 422 Appeal 28 USC 158
- ❏ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ❏ 820 Copyrights
- ❏ 830 Patent
- ❏ 840 Trademark

### SOCIAL SECURITY
- ❏ 861 HIA (1395ff)
- ❏ 862 Black Lung (923)
- ❏ 863 DIWC/DIWW (405(g))
- ❏ 864 SSID Title XVI
- ❏ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ❏ 870 Taxes (U.S. Plaintiff or Defendant)
- ❏ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ❏ 375 False Claims Act
- ❏ 376 Qui Tam (31 USC 3729(a))
- ❏ 400 State Reapportionment
- ❏ 410 Antitrust
- ❏ 430 Banks and Banking
- ❏ 450 Commerce
- ❏ 460 Deportation
- ❏ 470 Racketeer Influenced and Corrupt Organizations
- ❏ 480 Consumer Credit
- ❏ 490 Cable/Sat TV
- ❏ 850 Securities/Commodities/ Exchange
- ☒ 890 Other Statutory Actions
- ❏ 891 Agricultural Acts
- ❏ 893 Environmental Matters
- ❏ 895 Freedom of Information Act
- ❏ 896 Arbitration
- ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ❏ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
15 O.S.C. SECTIONS 1692-1692P
Brief description of cause:
VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## VII. REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE 01/26/2017

SIGNATURE OF ATTORNEY OF RECORD *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _5 NELSON ROAD, WEST GROVE, PA 19390_

Address of Defendant: _500 SUMMIT LAKE DRIVE, VALHALLA, N7 10595_

Place of Accident, Incident or Transaction: _5 NELSON ROAD, WEST GROVE, PA 19390_
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒
*RELATED CASE, IF ANY:*
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify) _FDCPA 15 U.S.C. SECTION 1692_

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _Michael P Ferbo_, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _JANUARY 26, 2017_     _____ Attorney-at-Law     _55767_ Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _JANUARY 26, 2017_     _____ Attorney-at-Law     _55767_ Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| RICHARD DECKMAN | : | CIVIL ACTION |
| v. | : | |
| CAVALRY PORTFOLIO SERVICES, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                              ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)                                                                          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( x)

| | | |
|---|---|---|
| JANUARY 26, 2017 | | RICHARD DECKMAN |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-293-9399 | 610-293-9388 | michael@mforbeslaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### COURT FILE NO:  CV-

| | |
|---|---|
| RICHARD DECKMAN | ) |
| Plaintiff | ) |
| v. | ) |
| CAVALRY PORTFOLIO SERVICES, LLC | ) |
| Defendant | ) JURY TRIAL DEMANDED |

## COMPLAINT

### I. JURISDICTION AND VENUE

1.      Jurisdiction of this Court arises out of Defendant's repeated violations of the Fair Debt

Collection Practices Act, 15 U.S.C. section 1692 *et seq* (hereinafter "FDCPA") which prohibits

debt collectors from engaging in abusive, false, deceptive, misleading and unfair practices.

2.      Venue is proper in this District because Defendant transacts business within this District,

the acts and transactions occurred in this District, and Plaintiff resides in this District.

### II. PARTIES

3.      Plaintiff, Richard Deckman, ("Plaintiff") is a natural person residing in West Grove,

Pennsylvania.  Because Plaintiff is allegedly obligated to pay a debt that is the subject of this

case was primarily used for family, personal or household purposes, she is a consumer within the

meaning of FDCPA, 15 U.S.C. § 1692a(3).

4.      Defendant, Cavalry Portfolio Services, LLC ("Defendant or Cavalry") is, upon information

and belief, a professional corporation whose address is listed as 500 Summit Lake Drive, Valhalla,

NY 10595 and, at all times relevant herein and is a "debt collector" as the term is defined by 15

U.S.C. § 1692a(6), who acted by and through its owners, managers, officers, shareholders,

authorized representatives, partners, employees, agents and/or workmen.

5.      Defendant, at all times relevant hereto, is considered a person who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due asserted to be owed or due another, and/or who, in the process of collecting its own debts, used a name other than its own which would indicate that a third person was collecting or attempting to collect such debts.

## III. FACTUAL ALLEGATIONS

6.      Defendant sent a letter dated January 27, 2016 to Plaintiff in an attempt to collect a debt regarding an alleged credit card account. (A true and correct copy of the letter is attached See Exhibit A).

7.      The top of the letter sets forth the following information, inter alia:

Original Account No:xxxxxxxxxxxx1248

Cavalry Account No:  xxxx3108

8.      The bottom of the letter contains a Payment Coupon stating:

"Make Checks and Money Orders Payable to;

**Cavalry Portfolio Services, LLC"**

9.      The name and address on the Payment Coupon is:

**Cavalry Portfolio Services, LLC**
PO Box 27288
Tempe, AZ 85285-7288

10.     The Payment Coupon directs Plaintiff to make an online payment as follows:

"If you would like to make a payment via our secure website, please visit us at

www.cavps.com"

11.     The aforesaid web address is that of Defendant.

12.     Defendant's letter states, inter alia: "Your account balance is past due. Please contact us to establish a repayment arrangement before we determine whether to place your account with an attorney. Should your account be placed with an attorney, the attorney will determine if a lawsuit should be filed against you. If a lawsuit is filed against you, an attorney may demand the court to enter a judgment against you on this account."

13.     Defendant, Cavalry, is not a law firm and its threat of what the attorney will do is tantamount to giving legal advice.

14.     The wording that "If a lawsuit is filed against you, an attorney may demand the court to enter a judgment against you on this account" is misleading and deceptive in that if a lawsuit is filed, the attorney would necessarily be demanding judgment.

15.     The back of the letter states, inter alia: "By sending your check, please be aware that you are authorizing Cavalry Portfolio Services, LLC to use information on your check to make a one-time electronic debit from your account at the financial institution indicated on your check".

16.     According to Defendant's website, inter alia:

"Founded in 2002, Cavalry is a leader in the acquisition and management of non-performing consumer loan portfolios."

17.     Throughout the letter, it implies that the account is owned by Defendant Cavalry Portfolio Services, LLC.

18.     On or about May 24, 2016, a Complaint was filed by Cavalry SPV I, LLC AS ASSIGNEE OF CITIBANK ("Cavalry SPV") and, subsequently served on Plaintiff in the Court of Common Pleas of Chester County, Pennsylvania. ("Lawsuit"). (A true and correct copy of the Complaint is attached as Exhibit "B").

19.     In the Complaint, Cavalry SPV alleges it is the Assignee and Successor in Interest of a

Credit account ending in 1248.

20.     The account identified in the Complaint appears is the same account referenced in Defendant's letter.

21.     Prior to the arbitration hearing in the lawsuit, Cavalry SPV, by and through its attorney, Apothaker Scian P.C. sent documents it intended to present as evidence of its ownership of the account to the undersigned counsel.

22.     The documents included what was entitled a "Bill of Sale and Assignment and an Affidavit. (True and correct copies of the Bill of Assignment and Assignment is attached hereto as Exhibits "C" and "D").

23.     According to each of the aforesaid documents, the account was sold to Cavalry SPV on December 8, 2015.

24.     Neither document contained any information referencing Cavalry Portfolio Services, LLC.

25.     The aforesaid letter is unfair, false, misleading and deceptive under the FDCPA in that the letter gives the false impression that Defendant owns the account despite not owning the account, that, despite not being an attorney, Defendant gave legal advice to Plaintiff, that if an attorney files suit that the attorney may ask for a judgment when, in fact, the purpose of the suit would be to actually ask for judgment and placed Plaintiff in fear of future risk of harm from Defendant.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. section 1692, et seq.

26.     Plaintiff incorporates his allegations of paragraphs 1 through 22 as though set forth at length herein.

27.     Defendant's actions as aforestated are overshadowing, false, deceptive, material, and misleading to Plaintiffs as follows:

(a)     Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person;

(b)     Defendant violated 15 U.S.C. § 1692e by making false, deceptive, or misleading representation or means in connection with the debt collection;

(c)     Defendant violated 15 U.S.C. § 1692e(2) by misrepresenting the character or legal status of the debt;

(d)     Defendant violated 15 U.S.C. § 1692e(5) by threatening to take action that cannot be legally taken or that is not intended to be taken;

(d)     Defendant violated 15 U.S.C. § 1692e(10)by using false and deceptive means to collect a debt;

(e)     Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to attempt to collect Plaintiff's alleged debt;

28.     As a direct and proximate result of Defendant's January 27, 2016 letter, Plaintiff has suffered mental anguish, emotional distress, anger, anxiety, frustration, fear, embarrassment, and humiliation.

29.     Plaintiff has been seriously damaged by Defendant's violations of the FDCPA and is entitled to actual damages, compensatory damages, costs and attorneys' fees.

30.     As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, attorneys' fees and costs in accordance with 15 U.S.C. § 1692k.

## CLAIMS FOR RELIEF

31.     Plaintiff incorporates his allegations of paragraphs 1 through 27 as though set forth at length herein.

32.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, et seq.

33.     As a result of each of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Richard Deckman, prays that judgment be entered against Defendant, for the following:

(1)     Actual damages;

(2)     Statutory damages each in the amount of $1,000.00;

(3)     Reasonable attorneys' fees and costs;

(4)     Declaratory judgment that the Defendants conduct violated the FDCPA;

(5)     Such other and further relief that the Court deems just and proper.

### V.  DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demand a trial by jury.

Respectfully submitted,

Law Office of Michael P. Forbes, P.C.
By: Michael P. Forbes, Esquire
Attorney for Plaintiff
Attorney I.D. #55767
200 Eagle Road
Suite 50
Wayne, PA 19087
(610) 293-9399
(610)293-9388 (Fax)
michael@mforbeslaw.com

# EXHIBIT A



PO Box 520
Valhalla, NY 10595

Phone: (866) 434-2695 • FAX: (914) 747-3673
www.cavps.com

January 27, 2016

RE:  Original Institution:
Original Account No.:
Cavalry Account No.:
Outstanding Balance:        $9723.01

R V Deckman
5 Nelson Rd
West Grove, PA  19390-9774

Dear R V Deckman:

Your account balance is past due. Please contact us to establish a repayment arrangement before we determine whether to place your account with an attorney.

Should your account be placed with an attorney, the attorney will determine if a lawsuit should be filed against you. If a lawsuit is filed against you, an attorney may demand the court to enter a judgment against you on this account.

Please call us at (800) 861-4692 to discuss your account and establish a repayment arrangement.

Sincerely,

Joan Fisher

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
SEE REVERSE SIDE FOR IMPORTANT INFORMATION CONCERNING YOUR RIGHTS

## PAYMENT COUPON



Please detach and return this portion with the payment to the address below.
Make Checks and Money Orders Payable to
Cavalry Portfolio Services, LLC

R V Deckman
5 Nelson Rd
West Grove, PA  19390-9774

If you would like to make a payment via our secure website, please visit us at www.cavps.com

Cavalry Portfolio Services, LLC
PO Box 27288
Tempe, AZ 85285-7288

Original Institution:
Original Account No.:
Cavalry Account No.:
Outstanding Balance:        $9729.01



Notice of Important Rights

We are required by law to notify consumers of the following rights. This list does not include a complete list of rights consumers have under state and federal laws.

**In California:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**In COLORADO:** A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA. Our in-state office address and telephone number is 50 Garden Center, Suite 3 Broomfield, CO 80020, (303) 920-4763.

**In MASSACHUSETTS:** Notice of important rights. You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the collector. You may contact us by telephone at (866) 483-5139 between 9:00 am and 5:00 pm Eastern Time Monday-Friday or in writing at 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340.

**In MINNESOTA:** THIS COLLECTION AGENCY IS LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE.

**In New York City:** This collection agency is licensed by the New York City Department of Consumer Affairs. The license numbers are 1143718, 1126502, 1126497, and 1126494.

**In Tennessee:** This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance.

**In Utah:** As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**In North Carolina:** This collection agency is licensed by the North Carolina Department of Insurance. The license numbers are 3824, 3910, 3911, and 3912. Its true name is Cavalry Portfolio Services, LLC. Its true addresses are: (a) 4050 Cotton Center Boulevard, Building 1, Suite 20, Phoenix, Arizona 85040; (b) 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340; (c) 4500 South 129th East Ave, Suite 165, Tulsa, Oklahoma 74134; and (d) 1611 County Rd B W, Suite 306, Roseville, MN 55113.

---

**Privacy Notice**

In accordance with federal regulations, Cavalry is giving you this notice to tell you how we may use non-public personal information about you and your account ("Private Information"). This notice applies whether you are a current or a former customer of Cavalry.

COLLECTION AND USE OF PRIVATE INFORMATION
We collect Private Information about you from the following sources:

☐ Information we receive from you either directly or indirectly, such as information on applications or other forms, which may include your name, address, social security number and income.
☐ Information about your transactions with us or others, such as your account balance and payment history
☐ Information we receive from consumer reporting agencies, such as your credit history and credit worthiness

DISCLOSURE OF PRIVATE INFORMATION
We only disclose information we collect to affiliated and non-affiliated third parties as permitted by the federal Fair Debt Collection Practices Act. We may disclose information we collect to:

o Credit bureaus
o The original creditor and entities that have had an ownership interest in your account
o Entities that provide mailing services on our behalf
o Entities that provide collection-related services on our behalf
o Others, such as third parties, when you direct us to share information about you
o Affiliated and non-affiliated parties if not prohibited by the federal Fair Debt Collection Practices Act or by other applicable laws

MAINTENANCE OF ACCURATE INFORMATION
We have established procedures to correct inaccurate information in a timely manner. If you have any reason to believe that our record of your Private Information is incorrect, contact us in writing at 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340. We will investigate the situation and, when appropriate, update our records accordingly.

PROTECTION OF INFORMATION
We restrict access to Private Information about you to our employees who need this information to provide products and services to you. We maintain physical, electronic and procedural safeguards that are consistent with federal standards to guard your Private Information.

For account questions, comments or general customer service, you may contact us at (866) 434-2905 Monday through Thursday 9am to 9pm Eastern Time, Friday 9am to 5pm Eastern Time, Saturday 9am to 1pm Eastern Time, or you may write us at 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340

By sending your check, please be aware that you are authorizing Cavalry Portfolio Services, LLC to use information on your check to make a one-time electronic debit from your account at the financial institution indicated on your check.

# EXHIBIT B

Our File No.: 434574
Apothaker Scian P.C.
BY:  David J. Apothaker, Esquire
Attorney I.D.# 38423
520 Fellowship Road Suite C306, PO Box 5496
Mt. Laurel, NJ 08054-5496
(800) 672-0215
Attorneys for Plaintiff

*Filed and Attested by
PROTHONOTARY
24 May 2016 02:47 AM
R. Byrne*

| | | |
|---|---|---|
| CAVALRY SPV I, LLC, AS ASSIGNEE OF CITIBANK<br>500 SUMMIT LAKE DRIVE STE 400<br>VALHALLA, NY 10595-1340 | ) ) ) ) NO.: | COURT OF COMMON PLEAS<br>CHESTER COUNTY |
|      Plaintiff, | ) | |
| vs. | ) ) | |
| R V DECKMAN<br>5 NELSON RD<br>WEST GROVE, PA 19390-9774 | ) ) ) ) | |
|      Defendant. | ) | |

## NOTICE

   You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

   YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

   IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL AND INFORMATION
SERVICE
CHESTER COUNTY BAR ASSOCIATION
15 WEST GAY STREET
WEST CHESTER PA  19380
610-429-1500

Our File No.: 434574
Apothaker Scian P.C.
BY: David J. Apothaker, Esquire
Attorney I.D.# 38423
520 Fellowship Road Suite C306, PO Box 5496
Mt. Laurel, NJ 08054-5496
(800) 672-0215
Attorneys for Plaintiff

CAVALRY SPV I, LLC, AS ASSIGNEE OF      )      COURT OF COMMON PLEAS
CITIBANK                                )            CHESTER COUNTY
500 SUMMIT LAKE DRIVE STE 400           )
VALHALLA, NY 10595-1340                 )   NO.:
                                        )
                      Plaintiff,        )
          vs.                           )
                                        )
R V DECKMAN                             )
5 NELSON RD                             )
WEST GROVE, PA 19390-9774               )
                      Defendant.        )

CIVIL ACTION COMPLAINT
**FIRST COUNT**

1. Plaintiff is CAVALRY SPV I, LLC, AS ASSIGNEE OF CITIBANK, 500 SUMMIT

   LAKE DRIVE STE 400, VALHALLA, NY 10595-1340.

2. Defendant(s) is/are R V DECKMAN ("Defendant"), an adult individual residing at 5

   NELSON RD, WEST GROVE, PA 19390-9774.

3. Plaintiff is the Assignee and Successor in Interest of a credit account ("Account").

4. The Account number ends in 1248.

5. The Account was issued to Defendant by Citibank, the original creditor.

6. Defendant(s) used the account.

7. The account is in default.

8. Although demand has been made, Defendant has failed to make payment of the amount
   due.

9.  The amount due as of this date is $9,723.01.

WHEREFORE, Plaintiff demands judgment in favor of Plaintiff and against Defendant for the sum of $9,723.01 and requests this Court award costs to the extent permitted by applicable law.

Apothaker Scian P.C.
Attorney for Plaintiff
A Law Firm Engaged in Debt Collection


BY:  /s/ David J. Apothaker, Esquire
David J. Apothaker, Esquire

Our File No.:  434574

*2016-04894-CT*

434574

## VERIFICATION

I, _Thomas Murphy_ hereby state that I am _A Maured Agent_ for Plaintiff. I hereby verify that, upon information and belief based on my review of the documents and records, the facts set forth in the foregoing Civil Action Complaint are true and accurate. The undersigned understands that statements herein are made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

Affiant Name                         5-10-16

Defendant's Name:    R V DECKMAN
Account Number:      ending in 1248

PACC

2016-04894-CT

# EXHIBIT C

Contract ID: ~~CAVALRY~~120315
Document ID: ~~41L615CY1MU~~1XBB1

## BILL OF SALE AND ASSIGNMENT

THIS BILL OF SALE AND ASSIGNMENT dated December 8, 2015, is by Citibank, N.A., a national banking association organized under the laws of the United States, located at 701 East 60th Street North, Sioux Falls, SD  57117 (the "Bank") to Cavalry SPV I, LLC ("Buyer"), organized under the laws of the State of Delaware, with its headquarters/principal place of business at 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595.

For value received and subject to the terms and conditions of the Purchase and Sale Agreement dated December 3, 2015, between Buyer and the Bank (the "Agreement"), the Bank does hereby transfer, sell, assign, convey, grant, bargain, set over and deliver to Buyer, and to Buyer's successors and assigns, the Accounts described in Exhibit 1 and the final electronic file.

**Citibank, N.A.**

By: _____
        (Signature)

Name: Patricia Hall

Title: Financial Acct Mgr.

PURCHASE_DATE  ACCT_NO CONTRACT_DATE  ORIG_LAST_PAY_DATE    CREDITOR
INITIAL_BALANCE ATLAS.FN_FULL_NAME(RR.NAME_U)  SS_NO
12/8/2015        ████████1248    9/1/1977    9/7/2012    Citibank    9723.01 R V DECKMAN
████587

# EXHIBIT D

**AFFIDAVIT**

STATE OF MISSOURI       )
                             ) ss.
COUNTY OF PLATTE      )

| | |
|---|---|
| **Account Holder:** | R V DECKMAN |
| **SSN/EIN/TIN #:** | xxx-xx-6587 |

**Account #:** ending in 1248

The undersigned, _____**Tina Weedin**_____, being duly sworn, states and deposes as follows:

1. I am an employee of Citibank, N.A. ("Citibank"), a national bank located in Sioux Falls, South Dakota, and I am authorized to make this Affidavit. My job title is Document Control Officer. My job responsibilities include reviewing and obtaining account information in Citibank's records as it relates to credit card accounts owned or previously owned by Citibank. This includes accounts previously owned by Citibank (South Dakota), N.A., which merged into Citibank in or about July 2011. The statements set forth in this affidavit are true and correct to the best of my knowledge, information and belief based on either personal knowledge or review of the business records of Citibank.

2. My duties include having knowledge of, and access to, business records relating to the Citibank account referenced above. These records are kept by Citibank in the regular course of business and it was in the regular course of business of Citibank for an employee or representative with personal knowledge of the act, event, condition, or opinion recorded to make memorandum or records or to transmit information thereof to be included in such memorandum or records; and that the records were made at or near the time of the act and/or event recorded or reasonably soon thereafter.

3. Citibank's records reflect that a credit card account ending in account number 1248 (the "Account") was sold to Cavalry SPV I, LLC on or about 12/08/2015. At the time the Account was sold, Citibank prepared and forwarded to Cavalry SPV I, LLC a spreadsheet reflecting Account information as of the sale date based on Citibank's records, including, among other things, the Account number, Account balance, the date of the last payment, the Account holder's name, and Social Security number (the "Account Information"). The Account Information reflects that the Account was opened on 09/01/1977. The Account Information reflects that the Account holder's name at time of the sale was R V DECKMAN, with a Social Security number ending: xxx-xx-████

4. The Account Information indicates that, as of the date the Account was sold, there was due and payable on the Account $9723.01.

5. The Account information reflects that, as of the date the Account was sold, the last Account payment received by Citibank posted to the Account on 09/07/2012.

I solemnly affirm under the penalties of perjury that the contents of the foregoing paper are true.

EXECUTED on ___8 / 15___, 2016

_____
Signature

**Tina Weedin**

_____
Name

STATE OF MISSOURI       )
                             ) ss.
COUNTY OF PLATTE      )

On this __15__ day of _AUG_, 20_16_, before the undersigned Notary Public in and for the state of Missouri, personally appeared

_____**Tina Weedin**_____, known to me to be the person who executed the Affidavit on behalf of Citibank, and acknowledged to me that

he/she executed the same for the purposes therein stated.

_____
Notary Public

My commission expires:      January 26, 2018

CAROLYN E. HUGHES
Notary Public - Notary Seal
State of Missouri, Jackson County
Commission Number 14927304
My Commission Expires Jan 26, 2018